IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALAN STRAWN, ) | No. C 13-4765 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER TO SHOW CAUSE |
| ) | REGARDING EXHAUSTION |
| v. ) | |
| ) | |
| UNKNOWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      Plaintiff, a California prisoner proceeding *pro se*, initiated this action by filing a letter. On October 15, 2013, the clerk of the court sent plaintiff a notice that if he intended to file a civil rights action pursuant to 42 U.S.C. § 1983, plaintiff had to file a civil rights complaint within twenty-eight days. That same day, the clerk also notified plaintiff that he must file a completed application for leave to proceed in forma pauperis ("IFP") or pay the filing fee within twenty-eight days. On November 22, 2013, after receiving a letter requesting an extension of time within which to file a complaint, Magistrate Judge Beeler granted plaintiff until December 23, 2013, within which to file a complaint and either pay the filing fee or file a completed application to proceed IFP. On December 20, 2013, plaintiff filed another letter asking for an extension of time. On January 6, 2014, this action was assigned to the undersigned judge. On January 28, 2014, this court granted plaintiff an additional thirty days within which to file his complaint and application to proceed IFP. Currently before the court is plaintiff's third request

Order to Show Cause Regarding Exhaustion
P:\PRO-SE\LHK\CR.13\Strewn765oscexh.wpd

1  for an extension of time to comply. For the reasons explained below, the court issues an order to
2  plaintiff to show cause why the case should not be dismissed for failure to exhaust his
3  administrative remedies prior to filing this action.

## DISCUSSION

I. <u>Exhaustion</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford*, 126 S. Ct. at 2387. The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has interpreted 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1048 (9th Cir. 2006) ("We conclude . . . that the PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts.").

In plaintiff's requests for extension of time, plaintiff concedes that he is currently exhausting the claims he intends to bring to federal court.

Accordingly, the court issues an order to plaintiff to show cause as to why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a response to the order to show cause **within fourteen days** from the date this order is filed. The court notes that if plaintiff has not fully exhausted his administrative remedies prior to filing this action, the complaint will be dismissed without prejudice.

II.     Application for Leave to Proceed IFP

The court will grant plaintiff a final **fourteen days** within which to file a completed application for leave to proceed IFP or pay the filing fee. **Failure to comply within the deadline provided will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).**

**CONCLUSION**

Plaintiff is ordered to show cause why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written response to the order to show cause **within fourteen days** of the date this order is filed. Plaintiff must also file a completed application for leave to proceed IFP or pay the filing fee **within fourteen days** of the filing date of this order.

**Failure to comply with this order within the deadline provided will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).**

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the court's orders in a timely fashion.

IT IS SO ORDERED.

DATED: 3/24/14

LUCY H. KOH
United States District Judge